## WILLIAM HARLEY.

### *vs.*

## LEWIS L. DAVIS, *et al.*

D. sold to H. a cook stove and fixtures for $60, taking therefor H.'s promissory note, which he sold and endorsed to T., who recovered judgment thereon against H. and D. for principal, interest and costs. D. paid the judgment and brought an action against H. to recover the amount paid, in which he procured to be issued a writ of attachment directing the sheriff to attach said cook stove and fixtures. Under the writ M. as deputy sheriff seized and carried away said stove and fixtures, which were in the possession and use of H. and his family, and were the only stove and fixtures owned by him.

*Held,* That H.'s contract as maker of the note, as well as his original indebtedness for the stove and fixtures, and D.'s contract as endorser of the note were merged in T.'s judgment; that therefore the action brought by D. against H. cannot be regarded as an action for the purchase money of the stove and fixtures so as to render the same subject to attachment.

This action was brought in the district court for Blue Earth county, and resulted in a verdict in favor of the defendants. The plaintiff appeals to this court from the judgment entered upon such verdict.

A sufficient statement of the case is given in the opinion of the court.

PFAU & WILLARD for Appellant.

BROWN & WISWELL for Respondents.

*By the Court*—BERRY, J.--Defendant Lewis L. Davis sold to plaintiff a cook stove and fixtures for the price of sixty dollars, taking therefor plaintiff's promissory note, which he sold and endorsed to Tinckom, who recovered judgment thereon against said maker and endorser, for principal, interest and costs. Said Lewis paid the judgment and brought an action against plaintiff to recover the amount paid, in which he procured to be issued a writ of attachment directing the sheriff of the county to attach said cook stove and fixtures.

Under color of this writ, defendant Martin, as deputy sheriff, assisted by defendant C. H. Davis, seized and carried away the stove and fixtures, which were in the possession and use of the plaintiff and his family, and were the only stove and fixtures owned by him.

The plaintiff brings the present action to recover damages for such taking and asportation. Personal property of this kind is by the terms of the statute exempted from attachment or sale on execution, (*ch* 66 *Gen. Stat. sec.* 269), except in an action for its purchase money (*Ib. sec.* 280). Without examining the point made that this statutory ex-

ception is unconstitutional, the only question which we deem it necessary to determine is one raised by an exception to the second instruction of the court below, viz: whether the action brought by the defendant Lewis L. Davis can be regarded as an action for the purchase money of said stove and fixtures?

In our opinion it cannot.

The note having been executed as evidence of Harlev's original indebtedness for the stove and fixtures, and Tinckom's judgment having been recovered against Harlev as maker, and Davis as endorser of the note, Harlev's contract as such maker, as well as his said original indebtedness, and Davis's contract as endorser, were merged in the judgment as the superior security. *Chitty on Contracts*, 788.

When Davis paid the judgment he satisfied and extinguished it, but he did not thereby become the owner of it, nor owner of the note, or of Harlev's original indebtedness

But such payment conferred upon Davis a right of action as payee and endorser, against Harlev the maker, as in assumpsit for money paid to the extent of the principal and interest of the note, and not for Harlev's original indebtedness for the purchase money of the stove and fixtures, which had lost its character as such indebtedness, and become merged in Tinckom's judgment.

The second instruction given to the jury was therefore erroneous and the judgment of the district court is accordingly reversed